**LAW OFFICES OF ROBERT L. TARVER, JR.**
**66 South Main Street**
**Toms River,  New Jersey 08757**
**(732) 341-2152 Telephone**
**(732) 341-2153 Facsimile**
Robert L. Tarver, Jr., Esq.
Attorney for Plaintiff
RT0472

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
_____

| | |
|---|---|
| **CHANELLE SANDERS**, individually, and as Administratrix Ad Prosequendum and Administratrix of the Estate of Desmond Sanders<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>**COUNTY OF ESSEX; ESSEX COUNTY DEPARTMENT OF CORRECTIONS; ESSEX COUNTY CORRECTIONAL FACILITY; ALFARO ORTIZ,** individually and in his official capacity as Director; **ROY L. HENDRICKS,** individually and in his official capacity as Warden**; JOHN and JANE DOES (1-50); ABC ENTITIES (1-50); XYZ PUBLIC ENTITIES (1-50); supervisors, employees, agents, heirs, assigns and managers of the County of Essex, and/or any other unnamed individuals who participated in any decisions concerning the death of Desmond Sanders**,<br>　　　　　Defendants | Civil Action No._____<br><br>Civil Action<br><br><br>**COMPLAINT AND JURY DEMAND** |

_____

　　Plaintiff, Chanelle Sanders, individually, and as Administratrix Ad Prosequendum

and Administratrix of the Estate of Desmond Sanders, by and through her counsel,

Robert L. Tarver, Jr., by way of Complaint against the County of Essex ("County"); the

Essex County Department of Corrections ("Department"); the Essex County Correctional

1

Facility ("Jail"); Alfaro Ortiz, ("Ortiz"), individually and in his capacity as the Director of the Essex County Correctional Facility; Roy L. Hendricks ("Hendricks"), individually and in his capacity as the Warden of the Essex County Correctional Facility; John and Jane Does 1-50; ABC Entities 1-50; XYZ Public Entities 1-50 ("Fictitious Named Defendants") allege as follows:

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which Plaintiff seeks relief for violation of the decedent's rights secured and guaranteed by Title 42, Section 1983 of the United States Code ("U.S.C."), the Fourth, Eighth and/or Fourteenth Amendments to the United States Constitution, the laws of the United States and the laws of the State of New Jersey. This is also a wrongful death and survivorship action under the laws of the State of New Jersey.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as certain claims asserted herein arise under the Constitution and laws of the United States and 28 U.S.C. 1343 to redress violations of rights.

3.      Plaintiff also invokes this Court's pendent jurisdiction pursuant to 28 U.S.C. § 1367 (a) "over any and all state law claims and against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy".

4.      Venue in this district is also proper pursuant to 28 U.S.C. § 1391(b) and (e) since at least one defendant resides in the judicial district and in the State of New Jersey, and a substantial part of the events or omissions giving rise to the action occurred in this state.

5. Venue is conferred upon this Court pursuant to 28 U.S.C. § 1391 (c) since defendants that are corporations are deemed to reside in the judicial district in which they are subject to personal jurisdiction at the time the action is commenced.

## NATURE OF THE ACTION

6. This action arises from the vicious attack and depraved act of violence committed against a young man housed in the Essex County Correctional Facility while awaiting the opportunity for release through bail. On September 1, 2013, Desmond Sanders was housed at the Essex County Correctional Facility based upon a criminal charge that was lodged against him. While housed at the facility, whose duty it is to protect and maintain the safety of individuals lodged there, Sanders was killed by another inmate. A wrongful death and survivor action is brought in connection with his death.

## THE VICTIM-DECEDENT

7. Desmond Sanders was born on March 18, 1986. His mother died at an early age and he was raised by his maternal aunt, Chanelle Sanders. Desmond attended St. Patrick High School in Elizabeth, New Jersey. A stellar athlete, Desmond participated in high school sports and was an accomplished basketball player. He was named first team all County for Union County and Best Defensive Player in the State (NJ).

8. After graduation from high school, Desmond went on to attend Ramapo College of New Jersey. At Ramapo, he majored in Business Management and minored in Sociology. Desmond also played basketball at Ramapo College.

## PARTIES-PLAINTIFF

9. Chanelle Sanders is the maternal aunt of the decedent, Desmond Sanders. Ms. Sanders raised Desmond as her own child from the time of his infancy due to the death of his mother.

10. On or about March 17, 2014, letters testamentary were granted by the Surrogate of Essex County, New Jersey to Chanelle Sanders in which she was appointed Administratrix of the Estate of Desmond Sanders and Administratrix Ad Prosequendum.

## PARTIES-DEFENDANTS

11. Defendant, County of Essex is a political subdivision of the State of New Jersey formed pursuant to the laws of the State of New Jersey

12. Defendant, Essex County Department Of Corrections is a division of the County of Essex which exists under the authority of the County of Essex. The Department of Corrections oversees the functions of the Essex County Correctional Facility. It is responsible for the policies, practices and functions of County Corrections.

13. Upon information and belief, Defendant, Essex County Correctional Facility is a subdivision of the Essex County Department of Corrections. The facility is where individuals charged with criminal offenses are held pending the attainment of bail or the disposition of their criminal matter.

14. Defendant, Alfaro Ortiz is the Director of the Essex County Department of Corrections. In that capacity, he is responsible for the creation and implementation of policies, practices and functions of the Essex County Department of Corrections and the Essex County Correctional Facility. He is sued individually and in his official capacity, acting under color of state law.

15. Defendant, Roy L. Hendricks is the Warden for the Essex County Department of Corrections and the Essex County Correctional Facility. In that capacity, he is responsible for the creation and implementation of policies, practices and functions of the Essex County Department of Corrections and the Essex County Correctional Facility. He is sued individually and in his official capacity, acting under color of state law.

16. John and Jane Does 1-50, ABC Entities 1-50 and XYZ Public Entities 1-50 are fictitious names for persons and entities unknown at this time but will be substituted when known as associated, affiliated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties is Incorporated as a defendant in each and every count listed below. John and Jane Does are supervisors, employees, managers, agents, assigns and heirs of the County of Essex, and or other individuals unnamed who participated in any decisions concerning and/or ultimately resulting in the death of Desmond Sanders.

## FACTUAL ALLEGATIONS

17. Desmond Sanders was detained at the Essex County Correctional Facility from June 17, 2013. During these periods of detention, Desmond was within the continuous exclusive custody, supervision and control of Defendants Essex County Department of Corrections, Director Alfaro Ortiz and Warden Roy L. Hendricks and other unnamed Corrections Officers.

18. At some point during the period of detention, Desmond was housed with inmate Rahdi Richardson. Upon information and belief, Richardson had a propensity toward violence which was well known or should have been known to Defendants.

19. Despite being placed on notice and having direct knowledge of Richardson's violent behavior, he was placed in the same cell as Desmond, knowing and recklessly exposing Desmond to an unreasonable risk of danger.

20. Defendants were deliberately indifferent to the threat that Richardson posed to other inmates, including Desmond Sanders.

21. On or about September 1, 2013, Rahdi Richardson viciously and brutally murdered Desmond Sanders by striking him in the head, causing trauma and strangling him.

22. A subsequent autopsy listed the cause of death as Blunt Force Trauma and Asphyxiation.

23. No Essex County Corrections Officer responded to the beating or sought to intervene or protect Desmond Sanders.

24. No Defendant investigated or monitored Desmond Sanders cell at any time.

25. Defendants allowed Desmond Sanders to be beaten and strangled to death while he was in their custody and under their exclusive control.

26. Defendants knew or should have known that individuals who are co-defendants in a criminal action should not be housed in the same cell as it presents a security and safety risk to the housed individuals.

27. Defendants were reckless and deliberately indifferent by:

   a. failing to adequately control inmates in dangerous situations.

   b. failing to adequately train, supervise and instruct custodians of inmates in properly monitoring, deterring, controlling and responding to inmate movements, disorders, altercations and violence.

    c.    failing to establish policies and procedures that enable identification and separation of dangerous or violent inmates from other inmates.

    d.    failing to adequately train, supervise and control custodians of inmates in the proper response to threats of violence.

    e.    Failing to maintain video surveillance of inmate areas to ensure safety of inmates, especially those who present a danger to themselves or others.

    f.    Failing to establish policies and procedures to reduce the risk of inmate injury by providing for immediate response to inmate threats of violence.

    g.    failing to house Richardson in his own cell and/or segregating him from other inmates.

    h.    placing Richardson in the same cell as Desmond Sanders.

    i.    failing to properly protect Desmond Sanders.

    j.    leaving Richardson and Desmond Sanders unattended and unmonitored for an unreasonable length of time.

    k.    Failing to provide for or interfering with timely and adequate medical care to an inmate suffering a life-threatening medical injury.

28. Defendants corrections officers John Doe 1-50 and Jane Doe 1-50 failed to adequately patrol the facility or to supervise and monitor the activities of the inmates and that failure was the cause of Desmond's injuries.

29. Defendants corrections officers John/Jane Doe 1-50 failed to timely intervene and stop the attack and beating of Plaintiff at the hands of Rahdi Richardson, resulting in grievous injury and death to Desmond Sanders.

7

30. At all times relevant, Defendants Ortiz and Hendricks failed and/or refused to adequately train and/or supervise deputies, officers and employees, in the reasonable and appropriate means and methods of classification and housing of inmates in the custody of the Essex County Department of Corrections.

31. As a direct and proximate result of all defendants conduct, which caused Desmond Sanders injuries and death, Plaintiff herein is entitled to recover for her decedents conscious pain and suffering and other claims for damages recoverable by the decedent had he lived, pursuant to New Jersey law. As a direct and proximate result of the conduct of all defendants named herein, Plaintiffs is entitled to recovery of pecuniary loss to the surviving next of kin of Plaintiff's decedents, as specified by the New Jersey Wrongful Death Act, N.J.S.A. 2A:31-1 to 6 and the New Jersey Survivor Act N.J.S.A. 2A:15-3.

32. At all times relevant, defendants Ortiz and Hendricks' patrol, supervision and monitoring policies, customs, practices and/or procedures were so deficient, inadequate and/or unreasonable that violations of Constitutional rights of pretrial detainees, including Desmond Sanders, wrote were certain and likely to, and in fact did, occur. These policies, practices, customs and/or procedures constitute deliberate indifference to and/or a callous disregard for the known and clearly established Constitutional due process rights of Desmond Sanders and other pretrial detainees in the custody of the Essex County Department of Corrections, all of which shocks the conscience and violates traditional notions of decency.

## CAUSES OF ACTION

### COUNT I- 42 U.S.C. § 1983

### FEDERAL CONSTITUTIONAL CLAIMS

33. Plaintiff hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

34. As a direct and proximate cause of the actions of Defendants, individually and jointly, Plaintiff's decedent suffered the following injury and damages:

    a. Violation of his constitutional rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and the laws of the State of New Jersey to be free in his person from unreasonable and unjustified force;

    b. Loss of his life;

    c. Physical pain and suffering, and emotional trauma and suffering.

35. Plaintiff claims damages under 42 U.S.C.§1983 for the injury set forth above against Defendants for their violation of the clearly established and well settled federal constitutional rights of Plaintiff.

    **WHEREFORE**, Plaintiff demands judgment against Defendants Ortiz, Hendricks, John and Jane Doe 1-50 for wrongful death, compensatory damages, punitive damages, interest, attorneys fees and costs of suit in accordance with 42 U.S.C §1988 and the laws of the State of New Jersey, compensatory and other damages under the New Jersey Wrongful Death Act, the New Jersey Survivor Act, the United States Constitution and 42 U.S.C § 1983 including violation of Due Process under the Fourth and Fourteenth Amendments of the United States Constitution, and such other and further relief as may appear just and appropriate.

## COUNT II 42 U.S.C. § 1983

## FEDERAL CAUSE OF ACTION

36. Plaintiff hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

37. Defendant Essex County has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of protecting inmates from unreasonable and unjustified physical pain and suffering, and emotional trauma and suffering, under the Fourteenth Amendment to the United States Constitution.

38. Plaintiff claims damages under 42 U.S.C. §1983, for the injuries set forth above against Defendant Essex County for its violation of the clearly established and well settled federal constitutional rights of Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendant Essex County for wrongful death, compensatory damages, punitive damages, interest, attorneys fees, and costs of suit in accordance with 42 U.S.C §1988 and the laws of the State of New Jersey, compensatory and other damages under the New Jersey Wrongful Death Act, the New Jersey Survivor Act, the United States Constitution and 42 U.S.C. §1983, including violation of Due Process under the Fourth and Fourteenth Amendments of the United States Constitution, and such other and further relief as may appear just and appropriate.

## COUNT III

### NEW JERSEY CIVIL RIGHTS ACT

39. Plaintiff hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

40. The actions of Defendants as described above, violated Plaintiffs decedents privileges or immunities secured by the Constitution or laws of the United States, and/or plaintiff's substantive rights, privileges or immunities secured by the Constitution or laws of the State of New Jersey and, as such, defendants are liable to plaintiff under the New Jersey Civil Rights Act, N.J.S.A. 10:6-2(c).

**WHEREFORE**, Plaintiff demands judgment against Defendants for wrongful death, compensatory damages, punitive damages, interest, attorneys fees and costs of suit in accordance with 42 U.S.C §1988 and the laws of the State of New Jersey, compensatory and other damages under the New Jersey Wrongful Death Act, the New Jersey Survivor Act, the United States Constitution and 42 U.S.C. §1983 including violation of Due Process under the Fourth and Fourteenth Amendments of the United States Constitution, and such other and further relief as may appear just and appropriate.

## COUNT IV

### NEW JERSEY WRONGFUL DEATH ACT- N.J.S.A. 2A:31-1 ET SEQ.

41. Plaintiff hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

42. Plaintiff, Chanelle Sanders, individually is entitled to such damages as may be allowed due to the death of the decedent, pursuant to the New Jersey Wrongful Death Act, N.J.S.A. 2A:31-1 to 6.

**WHEREFORE**, Plaintiff Chanelle Sanders, individually demands judgment against Defendants, jointly and severally, for damages, together with costs of suit, attorneys' fees, interest, and such other relief as the Court may deem just and appropriate.

## COUNT V

## NEW JERSEY SURVIVOR ACT - N.J.S.A. 2A:15-3

43. Plaintiff hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

44. Plaintiff, Chanelle Sanders, individually is entitled to such damages as may be allowed due to the death of the decedent, pursuant to the New Jersey Survivor Act, N.J.S.A. 2A:15-3, on behalf of the decedent, and may recover such damages as may be allowed.

**WHEREFORE**, Plaintiff, Chanelle Sanders, individually, and on behalf of the decedent, demands judgment against the Defendants, jointly and severally, for damages, together with the costs of suit, attorneys' fees, interest, and such other relief as the Court may deem just and appropriate.

## COUNT VI

## NEW JERSEY TORT CLAIMS ACT

41. Plaintiff hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

42. The actions of Defendants, as described above, constitute the torts of negligence, gross negligence, civil conspiracy, negligent hiring, training and supervision as defined under the laws of the State of New Jersey and, as such, these defendants are liable to plaintiff under the New Jersey Tort Claims Act, N.J.S.A. 59-1, et seq.

43.. More than 60 days have elapsed since Plaintiff submitted to Essex County a timely Notice of Claim on September 10, 2013.

**WHEREFORE**, Plaintiff demands judgment against Defendants for wrongful death, compensatory damages, punitive damages, interest, attorney's fees, and costs of suit in accordance with the laws of the state of New Jersey compensatory and other damages under the New Jersey Wrongful Death Act, the New Jersey Survivor Act, and such other and further relief as may appear just and appropriate

LAW OFFICES OF ROBERT L. TARVER, JR.

By: _s/Robert L. Tarver, Jr._____
　　　Robert L. Tarver, Jr., Esq.
　　　Attorney for Plaintiff

Dated: August 27, 2014

## JURY DEMAND

The Plaintiffs demand a trial by jury on all issues so triable.

                    LAW OFFICES OF ROBERT L. TARVER, JR.

                    Attorneys for Plaintiff

                    By: s/Robert L. Tarver, Jr.
                        Robert L. Tarver, Jr., Esq.

Dated: August 27, 2014


## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative hearing

                    LAW OFFICES OF ROBERT L. TARVER, JR.

                    By: s/Robert L. Tarver, Jr.
                        Robert L. Tarver, Jr., Esq.
                        Attorney for Plaintiff

Dated: August 27, 2014