JAMES R. PAGANELLI, ESSEX COUNTY COUNSEL
BY: ALAN RUDDY, ASSISTANT COUNTY COUNSEL
ATTORNEY NO. 002411975
HALL OF RECORDS – ROOM 535
NEWARK, NEW JERSEY  07102
(973) 621-5021
(Attorney for Defendants, County of Essex, improperly pled as Essex County Correctional Facility and Essex County Department of Corrections, Director Alfaro Ortiz and Warden Roy Hendricks

|  | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
|---|---|
| CHANELLE SANDERS, Individually, and as Administratrix Ad Prosequendum and Administratrix of the Estate of Desmond Sanders | Civil Action No. 2:14-cv-05557-SWD-SCM |
|  | **ANSWER** |
| Plaintiff, |  |
| vs. |  |
| COUNTY OF ESSEX, ESSEX. COUNTY DEPARTMENT OF CORRECTIONS; ESSEX COUNTY CORRECTIONAL FACILITY; ALFARO ORTIZ, Individually and in his official capacity as Director; ROY L. HENDRICKS, individually and in his official capacity as Warden; JOHN and JANE DOES (1-50); ABC ENTITIES (1-50); XYZ PUBLIC ENTITIES (1-50); supervisors, employees, agents, heirs, assigns and managers of the County of Essex, and/or any other unnamed individuals who participated in any decisions concerning the death of Desmond Sanders, |  |
| Defendants. |  |

Defendants, County of Essex, improperly pled as Essex County Correctional Facility and Essex County Department of Corrections, Director Alfaro Ortiz and Warden Roy Hendricks, by way of answer to the within complaint say:

### PRELIMINARY STATEMENT

1. They admit the allegations contained in paragraph 1 of the within complaint.

### JURISDICTION AND VENUE

2. They admit the allegations contained in paragraphs 2, 3, 4 and 5 of the within complaint.

### NATURE OF THE ACTION

3. They deny the allegations contained in paragraph 6 of the within complaint.

### THE VICTIM-DECEDENT

4. They are without information sufficient to form a belief as to the truth or falsity of paragraphs 7 and 8 of the within complaint.

### PARTIES-PLIANTIFF

5. They are without information sufficient to form a belief as to the truth or falsity of paragraphs 9 and 10 of the within complaint.

### PARTIES-DEFENDANTS

6. They admit the allegations of paragraphs 11, 12, 13, 14 and 15 of the within complaint.

7. They deny the allegations of paragraph 16 of the within complaint.

## FACTUAL ALLEGATIONS

8. They deny the allegations of paragraphs 17, 18, 19 and 20 of the within complaint.

9. They are without information sufficient to form a belief as to the truth or falsity of paragraphs 21 and 22 of the within complaint.

10. They deny the allegations of paragraphs 23 through 32 of the within complaint.

## CAUSES OF ACTION

## COUNT 1 - 42 U.S.C. §1983

## FEDERAL CONSTITUTIONAL CLAIMS

11. They deny the allegations contained in paragraphs 33, 34 and 35 of Count I the within complaint.

WHEREFORE, Defendant, County of Essex, et al., demand judgment dismissing any cross-claims for contribution and indemnification, for cost of suit, attorneys' fees and for any other relief that the Court deems proper and just.

## COUNT II 42 U.S.C. §1983

## FEDERAL CAUSE OF ACTION

12. They deny the allegations of paragraphs 36, 37 and 38 of Count II of the within complaint.

WHEREFORE, Defendant, County of Essex, et al., demand judgment dismissing any cross-claims for contribution and indemnification, for cost of suit, attorneys' fees and for any other relief that the Court deems proper and just.

## COUNT III

## **NEW JERSEY CIVIL RIGHTS ACT**

13. They deny the allegations contained in paragraphs 39 and 40 of Count III of the within complaint.

WHEREFORE, Defendant, County of Essex, et al., demand judgment dismissing any cross-claims for contribution and indemnification, for cost of suit, attorneys' fees and for any other relief that the Court deems proper and just.

## COUNT IV

## **NEW JERSEY WRONGFUL DEATH ACT – N.J.S.A. 2A:31-1 ET SEQ**.

14. They deny the allegations of paragraphs 41 and 42 of Count IV of the within complaint.

WHEREFORE, Defendant, County of Essex, et al., demand judgment dismissing any cross-claims for contribution and indemnification, for cost of suit, attorneys' fees and for any other relief that the Court deems proper and just.

## COUNT V

## **NEW JERSEY SURVIVOR ACT – N.J.S.A. 2A:15-3**

15. They deny the allegations of paragraphs 43 and 44 of Count V of the within complaint.

WHEREFORE, Defendant, County of Essex, et al., demand judgment dismissing any cross-claims for contribution and indemnification, for cost of suit, attorneys' fees and for any other relief that the Court deems proper and just.

## COUNT VI

16. They deny the allegations contained in paragraphs listed as 41 and 42 of Count VI of the within complaint.

17. They admit the allegations contained in paragraph listed as 43 of Count VI of the within complaint.

WHEREFORE, Defendant, County of Essex, et al., demand judgment dismissing any cross-claims for contribution and indemnification, for cost of suit, attorneys' fees and for any other relief that the Court deems proper and just.

## SEPARATE DEFENSES

## FIRST SEPARATE DEFENSE

The complaint fails to state a cause of action upon which relief can be granted.

## SECOND SEPARATE DEFENSE

The complaint is barred by the Statutes of Limitations in N.J.S.A. 59:8-8 and N.J.S.A. 2A:14-2.

## THIRD SEPARATE DEFENSE

Negligence, if any, on the part of these defendants was not the proximate cause of any injuries which may have been sustained by the plaintiff.

## FOURTH SEPARATE DEFENSE

The complaint is barred by the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:l-l et seq.

## FIFTH SEPARATE DEFENSE

Damages, if any, sustained by the plaintiff were the result of the actions of the third parties over whom these defendants exercised no control.

## SIXTH SEPARATE DEFENSE

Damages, if any, were the result of the sole and/or comparative negligence of the plaintiff.

## SEVENTH SEPARATE DEFENSE

The defendants assert any and all defenses and limitations made available to them by the New Jersey Tort Claims Act, **N.J.S.A**. 59:1-1, et seq.

## EIGHTH SEPARATE DEFENSE

The County of Essex is a public entity and is immune from liability under the provisions of **N.J.S.A.** Sec. 59:23 and 59:3-2 when in the face of competing demands it determines, in the exercise of its discretion the manner in which existing resources, equipment, facilities and personnel shall be utilized.

## NINTH SEPARATE DEFENSE

The County of Essex is immune from suit pursuant to the provisions of **N.J.S.A**. 59:-6 in that it is not liable for injury caused by the failure to make any inspection or the making of any inadequate or negligent inspection of property.

## TENTH SEPARATE DEFENSE

The actions of the County of Essex, its agents, servants and/or employees to protect against the alleged dangerous condition or the failure to take such actions was not palpably unreasonable.

**ELEVENTH SEPARATE DEFENSE**

The plaintiff is barred from recovery as a matter of law since the alleged claim was not made and perfected in the manner and within the time provided and required by law, statute, rule, regulation or contract upon which it is predicated.

**TWELFTH SEPARATE DEFENSE**

Any recovery to which the plaintiff might otherwise be entitled is subject to the limitations on judgment provided in **N.J.S.A**. 59:9-2.

**THIRTEENTH SEPARATE DEFENSE**

No liability can be imposed upon these defendants for failure to guard against a dangerous condition since the conditions precedent to the imposition of such liability pursuant to **N.J.S.A**. 59:4-l, et seq. have not been met.

**FOURTEENTH SEPARATE DEFENSE**

Plaintiff has failed to comply with the procedures for the presentation of claims against public entities mandated by Chapter 8 of the New Jersey Tort Claims Act.

**FIFTEENTH SEPARATE DEFENSE**

These defendants are not liable for injury caused by an approved plan or design in the construction or improvement of public property as set forth in **N.J.S.A**. 59:4-6.

**SIXTEENTH SEPARATE DEFENSE**

These defendants are not liable for claims arising out of a failure to provide supervision of public recreational facilities, **N.J.S.A**. 59:2-7 and 3-11.

### **SEVENTEENTH SEPARATE DEFENSE**

These defendants are not liable for claims arising out of conditions of any unimproved property **N.J.S.A**. 59:4-8.

### **EIGHTEENTH SEPARATE DEFENSE**

These defendants are not liable for claims arising out of a failure to provide sufficient equipment, personnel or facilities in a prison or other correctional facilities **N.J.S.A**. 59:-5-1.

### **NINETEENTH SEPARATE DEFENSE**

These defendants are not liable for claims arising out of a failure to make an arrest or retain an arrestee in custody **N.J.S.A.** 59:5-5.

### **TWENTIETH SEPARATE DEFENSE**

These defendants are not liable for claims arising out of a failure to provide medical, or psychiatric facilities nor for failure to provide sufficient equipment, personnel or facilities at such institution **N.J.S.A**. 59:6-2.

### **TWENTY-FIRST SEPARATE DEFENSE**

These defendants are not liable for claims arising out of a failure to make physical or mental examinations, or a failure to make an adequate physical or mental examination, to determine whether a person has a condition constituting a hazard to the health or safety or anyone **N.J.S.A**. 59:6-4.

### **TWENTY-SECOND SEPARATE DEFENSE**

These defendants are not liable for claims arising out of a diagnosis, or a failure to diagnose, that one is afflicted with mental illness or drug dependency, or a failure to prescribe therefore **N.J.S.A**.59:6-5.

### TWENTY-THIRD SEPARATE DEFENSE

These defendants are not liable for claims arising out of a determination whether to confirm one for mental illness or drug dependence, or a determination regarding the terms and conditions of such confinement **N.J.S.A**. 59:4-5.

### TWENTY-FOURTH SEPARATE DEFENSE

These defendants are not liable for claims arising out of a failure to provide traffic signals or other markings **N.J.S.A**. 59:4-5.

### TWENTY-FIFTH SEPARATE DEFENSE

These defendants are not liable for claims arising solely from the effect of weather conditions on the use of County roads **N.J.S.A**. 59:4-7.

### TWENTY-SIXTH SEPARATE DEFENSE

Defendant, County of Essex, reserves the right to amend its answer and to assert additional defenses and/or supplement, alter or change the answer upon completion of appropriate investigation and discovery.

### AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

The plaintiff's claim is barred under the doctrine of laches and unclean hands.

### SECOND SEPARATE DEFENSE

The claims against defendant, Essex County Sheriff, are barred by the doctrines of res judicata and/or collateral estoppel.

### THIRD SEPARATE DEFENSE

The claims against Essex County defendants are barred for failure to state a claim against defendants upon which relief can be granted.

### FOURTH SEPARATE DEFENSE

The claims against Essex County defendants are barred by the Entire Controversy Doctrine.

### FIFTH SEPARATE DEFENSE

The claims against Essex County defendants are barred by the Doctrine of Equitable Estoppel.

### SIXTH SEPARATE DEFENSE

Plaintiff's claims are barred by applicable, law, rule, statute or regulations, including but not limited to the Statute of Limitations, controlling or requiring the institution of suit within a certain period of time following its accrual, was not complied with by the claimant, and accordingly, the claimant's claim is barred as a matter of law.

### SEVENTH SEPARATE DEFENSE

The Essex County Defendants are immune from claims for failure to make an examination or to make an adequate examination.  **N.J.S.A.** 59:6-4.related to any injury caused by the failure to provide medical facilities.  **N.J.S.A**. 59:6-3.

### EIGHTH SEPARATE DEFENSE

The Essex County defendants are immune from claims related to any injury caused by any act or omission concerning the public health, or control. **N.J.S.A.** 59:6-3.

### NINTH SEPARATE DEFENSE

The Essex County defendants are immune from claims related to any injury caused by the plaintiff.

### TENTH SEPARATE DEFENSE

The Essex County defendants are immune from claims related to any injury caused by any determination as to whether to confine a person, the terms of confinement, or whether to grant parole or leave, **N.J.S.A**. 59:6-6.

### ELEVENTH SEPARATE DEFENSE

The Essex County defendants are free of any and all negligence.

### TWELFTH SEPARATE DEFENSE

Any injuries or damages allegedly sustained by plaintiff were caused through the sole negligence of plaintiff.

### THIRTEENTH SEPARATE DEFENSE

Any injuries or damages allegedly sustained by plaintiff were caused through the sole negligence of any co-defendants.

### FOURTEENTH SEPARATE DEFENSE

Any injuries or damages which may have been sustained by plaintiff were caused through the sole negligence of third parties over whom the answering defendants had no control.

## FIFTEENTH SEPARATE DEFENSE

The Essex County defendants deny that they or anyone in their stead violated any duties or created any conditions which were the proximate cause of the damages sustained by the plaintiff.

## SIXTEENTH SEPARATE DEFENSE

The Essex County defendants affirmatively and specifically pleads each and every defense, limitation or immunity provided to it under **N.J.S.A.** 59:1-1, et seq., the New Jersey Tort Claims Act.

## SEVENTEENTH SEPARATE DEFENSE

The Essex County defendants affirmatively and specifically plead each and every defense, limitation or immunity provided to them under **N.J.S.A**. 59:2-1, et seq., particularly **N.J.S.A.** 59:2-3 and 59:2-4, 2:5, 2:6, 3-2, 3:6, and 3:7.

## EIGHTEENTH SEPARATE DEFENSE

The Essex County defendants affirmatively and specifically pleads each and every defense limitation or immunity provided to them under **N.J.S.A.** 59:3-3, et. seq.

## NINTEENTH SEPARATE DEFENSE

The Essex County defendants affirmatively and specifically pleads each and every defense, limitation or immunity provided to it under **N.J.S.A**. 59:4-1, et seq., including but not limited to, immunity for injuries caused solely by weather conditions under **N.J.S.A**. 59:4-7.

## TWENTIETH SEPARATE DEFENSE

The Essex County defendants affirmatively and specifically pleads each and every defense

## TWENTY-FIFTH SEPARATE DEFENSE

The Essex County defendants acted in accordance with the laws of the State of New Jersey and the United States of America.

## TWENTY-SIXTH SEPARATE DEFENSE

The Essex County defendants acted in good faith and with reasonable and probable cause based on the then existing circumstances.

## TWENTY-SEVENTH SEPARATE DEFENSE

The Essex County defendants acted with legal justification.

## TWENTY-EIGHTH SEPARATE DEFENSE

The Essex County defendants took no action at any time to deprive the plaintiff of any federal, constitutional or statutory right of law.

## TWENTY-NINTH SEPARATE DEFENSE

The Essex County defendants acted on reasonable grounds and without malice and, therefore, are not responsible for damages to the plaintiff.

## THIRTIETH SEPARATE DEFENSE

The Essex County defendants acted within the scope of their authority and, therefore, have qualified immunity.

## THIRTY-FIRST SEPARATE DEFENSE

The Essex County defendants acted within the scope of their authority and, therefore, have Absolute Immunity.

### THIRTY-SECOND SEPARATE DEFENSE

The Essex County defendants acted within the scope of their authority and, therefore, have Governmental and Official Immunity.

### THIRTY-THIRD SEPARATE DEFENSE

Mere negligence on the part of any public official is insufficient to support a claim under 42 U.S.C. Section 1983.

### THIRTY-FOURTH SEPARATE DEFENSE

The Essex County defendants are not liable for punitive damages under the facts of this case.

### THIRTY-FIFTH SEPARATE DEFENSE

The Plaintiff has failed to comply with the requirements of the Prison Litigation Reform Act of 1995, specifically, but not excluding 42 U.S.C. Sec. 1997 (e) (a) regarding the applicability of administrative remedies.

### THIRTY-SIXTH SEPARATE DEFENSE

The answering defendants acted in good faith and within reasonable and probable cause based on then existing circumstances.

### THIRTY-SEVENTH SEPARATE DEFENSE

The County of Essex does not have an unlawful custom, practice and/or policy that deprived the plaintiff of any constitutional right.

### THIRTY-EIGHTH SEPARATE DEFENSE

The County of Essex was not negligent in the manner in which its employees were trained and/or supervised.

### THIRTY-NINTH SEPARATE DEFENSE

The plaintiff has not served an Affidavit of Merit pursuant to New Jersey Law.

### FOURTIETH SEPARATE DEFENSE

The Essex County defendants did not violate any constitutional or statutory right of plaintiff both under State and Federal law.

### JURY DEMAND

The Essex County defendants demand a trial by jury as to all issues.

### NOTICE OF TRIAL COUNSEL

Please take notice that Alan Ruddy, Esq., is hereby designated as Trial Counsel in the above captioned matter for the Office of the Essex County Counsel, pursuant to R. 4:24 et seq.

### CROSSCLAIM FOR CONTRIBUTION AND INDEMNIFICATION

1. While denying any liability, should this defendant be adjudged liable, they demand contribution from any and all defendants as joint tortfeasors pursuant to the terms and provisions of the Joint Tortfeasors Contribution Act (N.J.S.A. 2A:52A-l, et seq.) the Comparative Negligence Act (N.J.S.A. 2A:l5-5.l, et seq.) And the New Jersey Tort Claims Act (N.J.S.A. 59:9-3 et seq.)

2. This defendant assert that it is free from liability; but if said defendant is held liable, such liability will be vicarious in that it is merely

constructive, technical or imputed; and under those circumstances, this defendant will be entitled to common law and/or contractual indemnity from all defendants.

JAMES R. PAGANELLI
ESSEX COUNTY COUNSEL

BY:

s/*Alan Ruddy*_____
ALAN RUDDY
ASSISTANT COUNTY COUNSEL

DATED: November 24, 2014

## CERTIFICATION PURSUANT TO R. 4:5-1

It is hereby certified pursuant to Rule 4:-5-l as follows:

l.  To the best of my knowledge the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding and no such other action or arbitration proceeding is contemplated.

2.  This party knows at this time of no other parties that should be joined in this action.

*s/Alan Ruddy*_____
ALAN RUDDY
ASSISTANT COUNTY COUNSEL

DATED: November 24, 2014