**LAW OFFICES OF ROBERT L. TARVER, JR.**
**66 South Main Street**
**Toms River, New Jersey 08757**
**(732) 341-2152 Telephone**
**(732) 341-2153 Facsimile**
Robert L. Tarver, Jr.(0472)
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHANELLE SANDERS**, individually, and as Administratrix Ad Prosequendum and Administratrix of the Estate of Desmond Sanders<br><br>        Plaintiff,<br><br>vs.<br><br>**COUNTY OF ESSEX; ESSEX COUNTY DEPARTMENT OF CORRECTIONS; ESSEX COUNTY CORRECTIONAL FACILITY; ALFARO ORTIZ,** individually and in his official capacity as Director; **ROY L. HENDRICKS,** individually and in his official capacity as Warden**; JOHN and JANE DOES (1-50); ABC ENTITIES (1-50); XYZ PUBLIC ENTITIES (1-50)**<br>        Defendants. | CIVIL ACTION NO. 2:14-cv-05557<br><br>Civil Action<br><br>**PROPOSED JOINT DISCOVERY PLAN** |

1.  Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

    | | |
    |---|---|
    | **Robert L. Tarver, Jr., Esq.**<br>**Law Offices of Robert L. Tarver, Jr.**<br>**66 South Main Street**<br>**Toms River, NJ  08757**<br>**Attorney for Plaintiff**<br>Tel: (732) 341-2152<br>Fax: (732) 341-2153<br>Email: tarverlaw@comcast.net | **Alan Ruddy, Esq.**<br>**Essex County Counsel**<br>**465 Martin Luther King Blvd #530**<br>**Newark, NJ 07102**<br>**Attorney for Defendants**<br>Tel: (973) 621-5021<br>Fax: (973) 621-4599<br>Email: aruddy@counsel.essexcountynj.org |

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

**Plaintiff's Summary of the Case:** Plaintiff alleges that her decedent, Desmond Sanders was killed by his cellmate on September 1, 2013. Defendants failed to monitor the activities of inmates, failed to guard against the known dangerous propensities of the assailant, failed to adequately train personnel, failed to have adequate policies and procedures in effect that could have prevented the death of the decedent and failed to follow their existing policies and procedures. Plaintiff makes claims under 42 USC §1983, the New Jersey Civil Rights Act, N.J.S.A.10:6-2(c); the New Jersey Wrongful Death Act, N.J.S.A. 2A:31-1, et seq.; the New Jersey Survivors Act, N.J.S.A. 2A:15-3 and the New Jersey Tort Claims Act, N.J.S.A. 59-1, et.seq.

**Defendants' Summary of the Case:**

Defendants deny all allegations as set forth in the Complaint.

3. Have settlement discussions taken place?   Yes ___   No __**X**__

    (a) What was plaintiff's last demand?
        (1) Monetary demand:   **N/A**
        (2) Non-monetary demand:   **N/A**

    (b) What was Defendants' last offer?
        (1) Monetary offer:   **N/A**
        (2) Non-monetary offer:   **N/A**

4  The parties [have __**X**__ have not _____] met pursuant to Fed R. Civ. P. 26(f):

**On June 17, 2015, counsel for the parties conferred regarding this joint discovery plan.**

5. The parties [have ___ have not __**X**__ ] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefore.

**The parties agree to provide their initial disclosures by July 30, 2015.**

6. Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).  **N/A**

7. The parties [have____ have not __**X**__ ] conducted discovery other than the above

disclosures.  If so, describe.

8. Proposed Joint Discovery Plan:

   (a) Discovery is needed on the following subjects:

   **(1) The factual and legal basis for Plaintiff's claims under Section 1983 and New Jersey Civil Rights Act, including, failure to monitor, failure to train, improper policy and practices;**

   **(2) The factual and legal basis for Plaintiff's claims under the New Jersey Wrongful Death and Survivor Act statutes;**

   **(3) The factual and legal basis of Plaintiff's common law claims;**

   **(4) The factual basis for Plaintiff's alleged damages, including but not limited to any claims for compensatory and punitive damages; and**

   (b) Discovery should ___ should not **X** be conducted in phases or be limited to particular issues.  Explain. **N/A**.

   (c) Proposed schedule:

   (1) Fed. R. Civ. P. R. 26 Disclosures by **July 31, 2015**.

   (2) E-Discovery conference pursuant to L. Civ. R. 26.1 (d) **July 17, 2015.**

   (3) Service of initial written discovery **by August 15, 2015.**

   (4) Maximum of **25** Interrogatories by each party to each other party.

   (5) Maximum number of **8** depositions to be taken by each party.

   (6) Plaintiff's expert report, if needed, due on **April 1, 2016.**

   (7) Defendants' expert report, if needed, due on **May 15, 2016.**

   (8) Motions to amend or to add parties to be filed by **October 15, 2015.**

   (9) Dispositive motions to be served within **60** days of completion of discovery.

   (10) Factual discovery to be completed by **March 1, 2016.**

      (11) Expert discovery to be completed by **June 1, 2016.**

  (d) Set forth any special discovery mechanism or procedure requested: **N/A**

  (e) A pretrial conference may take place on:

    **To be determined by the Court following the resolution of any dispositive motions.**

  (f) Trial date: **To be determined by the Court following the resolution of any dispositive motion. (__X__ Jury Trial; ____ non-Jury Trial).**

9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? If so, please explain.

  Yes____ No X

  Telephone and/or video depositions may be necessary for any out-of-state witnesses.

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?

  Yes ___ No **X**

If so, how will electronic discovery or data be disclosed or produced. Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

11. Do you anticipate entry of a Discovery Confidentiality order? See L. Civ. R. 5.3(b) and Appendix S.

  Yes **X**  No ___

12. Do you anticipate any discovery problem(s) not listed above? Describe.

  Yes ___ No **X**

13. State whether this case is appropriate for voluntary arbitration (pursuant to Rule Local Civil Rule 201.1 or otherwise), mediation (pursuant to Local Civil Rule 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.)

**Mediation may be appropriate following the exchange of written discovery and/or the completion of depositions of key party witnesses.**

14. Is this case appropriate for bifurcation?   Yes **X**   No _____

    As Plaintiff seeks punitive damages, bifurcation may be necessary as to Plaintiff's damages.

15. An interim status/settlement conference (with clients in attendance), should be held **following the exchange of written discovery on a date set by the Court.**

16. We [do ___ - do not **X** ] consent to this trial being conducted by a Magistrate Judge.

17. Identify any other issues to address at the Rule 16 Scheduling Conference.

    - **Discovery Issues relative to the Criminal Prosecution of Rahdi Richardson**

s/ Robert L. Tarver, Jr.                          s/_____
   Robert L. Tarver, Jr., Esq.                    Alan Ruddy, Esq.

Law Offices of Robert L. Tarver, Jr.              Essex County Counsel
66 South Main Street                              465 Martin Luther King Blvd #530
Toms River, NJ 08757                              Newark, NJ 07102
Attorney for Plaintiff                            Attorney for Defendants

                                                  Dated: June 17, 2015

4839-7635-7147, v. 1