UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHANELLE SANDERS, individually, and as Administratrix Ad Prosequendum and Administratrix of the Estate of Desmond Sanders,<br><br>            Plaintiff,<br>v.<br><br>COUNTY OF ESSEX; ESSEX COUNTY DEPARTMENT OF CORRECTIONS; ESSEX COUNTY CORRECTIONAL FACILITY; ALFARO ORTIZ, individually and in his official capacity as Director; ROY L. HENDRICKS, individually and in his official capacity as Warden; JOHN AND JANE DOES (1-50); ABC ENTITIES (1-50); XYZ PUBLIC ENTITIES (1-50); supervisors, employees, agents, heirs, assigns and managers of the County of Essex, and/or any other unnamed individuals who participated in any decisions concerning the death of Desmond Sanders;<br><br>            Defendants. | Civil Action<br><br><br>2:14-CV-05557-SDW-SCM<br><br><br>**INITIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court on June 23, 2015 by way of

initial scheduling conference pursuant to Fed.R.Civ.P. 16, and for good cause having

been shown,

**IT IS** on this Monday June 22, 2015 ordered that the Scheduling Order is as

follows:

### I.      DISCOVERY AND MOTION PRACTICE

1.   **Motion Practice:**  No motions, other than Fed.R.Civ.P. 12(b) motions, motions to seal, or attorney admission/with drawl motions are to be filed without leave from this Court.  See L.Civ.Rules 12.1 and 16.1.  Case management motions must also comply with L.Civ.R. 16.1(g).  All motions, when permitted, shall also comply with Local Civil Rules 7.1(b), 7.2, and 78.1.  The Court shall decide whether to

require additional briefing on any point or points after review of the written submissions or oral argument.  If a party fails to file a timely opposition, the Court will consider and decide the motion as uncontested, and may grant the motion without further notice.  Requests to file motions, other than Rule 12(b) motions, should be made on consent or by **joint dispute letter**.  See *infra*.  One courtesy copy of all non-dispositive motions should be mailed directly to chambers.

2.   **Rule 26 Disclosures**:  Fed.R.Civ.P. 26 initial disclosures, including but not limited to, all documents prescribed by Fed.R.Civ.P. 26(a)(1)(A)(ii) shall be exchanged by the parties on or before 7/22/2015.

3.   **Electronic Discovery**:  The parties are directed to Fed. R. Civ. P. 26(f), as amended December 1, 2006, which, among other things, addresses preservation of discoverable information, discovery of electronically stored information, and claims of privilege or work product protection.  The parties are also directed to L. Civ. R. 26.1(d) which, among other things, describes the obligations of counsel with regard to their clients' information management systems.  Counsel shall complete their E-discovery conference no later than 6/30/2015.

4.   **Protective Orders**: The parties shall provide the Court with a joint proposed confidentiality order no later than 7/10/2015.  *See* Local Civil Rule 5.3.  Any proposed confidentiality order agreed to by the parties must strictly comply with Fed.R.Civ.P. 26(c) and Local Civil Rule 5.3.  *See also Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994); *Glenmede Trust Company v. Thompson*, 56 F.3d 476 (3d Cir. 1995).  Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order."  The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should the order not be entered.  Any such order must be clearly designated **"Discovery Confidentiality Order."**  *See* Local Civil Rule 5.3 and the Court's Form Discovery Confidentiality Order at Appendix S.

5.   **Written Discovery**:  Each party may serve upon each other party a) their thirty-five single questions pursuant to Fed. R. Civ. P.  33 and b) 40 separate requests for production of documents pursuant to Fed. R. Civ. P. 34 no later than 8/21/2015, which shall be responded to in the manner required by the Federal Rules within thirty days of receipt.  If served prior to the R. 16 conference, responses are due within 30 days of the conference.  Each party may also serve up to twenty single requests for admissions (RFA) (these limits do not include RFA's on document authenticity) pursuant to Fed. R. Civ. P.  36.  The propounder of any discovery request or RFA shall identify any deficiency with the responses in writing within 30 days of receipt.

6.   **Authorizations**:  Authorizations for medical or other records shall be signed and returned to the requestor within 15 days of receipt by the party's counsel.  If not,

the responding party shall provide the requesting party with a detailed letter within the same time frame explaining the objection or delay.

7. **Depositions**:  The number of fact depositions to be taken by each side pursuant to Fed. R. Civ. P. 30 and 31 shall not exceed **eight (8)**.  Depositions shall be conducted in accord with App. R to the Local Rules on dates agreed upon by counsel.  No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege.  *See* Fed. R. Civ. P. 32(d)(3)(A).  No instruction not to answer shall be given unless privilege is implicated.

   a.  If a dispute arises at a deposition and cannot be resolved, the parties shall contact Magistrate Judge Mannion during the deposition;

   b.  If this case involves multi-party litigation with several attorneys, counsel are to meet and confer regarding deposition dates.  If there is an impasse and counsel (other than the attorney who noticed the deposition and the attorney defending the deposition) are not available, scheduled depositions should go forward.  The unavailable counsel should appear by telephone, send a substitute attorney to cover, etc.;

   c.  If fact questions, beyond pedigree are asked of a Fed. R. Civ. P. 30(B)(6) witness, the Court may count the deposition as both a fact and a 30(B)(6) deposition.  The transcript should reflect which responses are made as a fact witness and which are made as a 30(B)(6) witness.

8. **Dispute Letters**:  No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court.  Counsel "shall confer" in good faith and attempt to informally resolve any discovery disputes before seeking the Court's intervention.  L. Civ. R. 37.1(a).  Poison pen letters are not permitted.  See D.N.J. App. R.  Should informal efforts fail within 14 days of the occurrence of the dispute, the dispute shall immediately be brought to the Magistrate Judge's attention via a **joint dispute letter** filed on ECF and mailed, not to exceed 6 pages that sets forth: (a) the request; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believe the response is sufficient.  If the discovery dispute is complex and requires the filing of briefs and affidavits, counsel may separately file and mail same on the date of their joint dispute letter.  No further submissions regarding the dispute may be submitted without leave of Court.  Thereafter, the Court will schedule a telephonic discovery conference pursuant to Fed. R. Civ. P. 26(f) if necessary to resolve the dispute.  *See* L. Civ. R. 16.1(f).

   a.  Trial counsel must meet and confer to resolve any disputes concerning privilege before raising such disputes to the Court.  If the dispute cannot be resolved by a joint proposed Fed.R.Evid. 502(d) order, the Court may refer the parties to a special master.

b. Discovery disputes concerning paper discovery (other than those arising during depositions) are waived if not brought to the Court's attention within 160 days of the Rule 16 conference.  The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date and any objection will be deemed to have been waived.

9. **Agenda Letter**:  The parties will either file a joint agenda letter (up to three double spaced pages) or a joint dispute letter (see infra) with the Court on 10/12/2015 itemizing the issues, if any, including settlement that need to be discussed in the upcoming conference.

10. **Telephone Conference**:  The court will hold a telephone conference on 10/20/2015 **at 11:30 a.m.** Counsel for plaintiff shall initiate the call.  Additional conferences may be scheduled by the Court via text order every 90 to 120 days or as necessary.

11. **Motions to Amend, Supplement or Add New Parties**:  If there is consent for a proposed pleading file the amended pleading with a stipulation per Fed.R.Civ. P. 15(a)(2) via ECF.  If there is no consent:

a. The party seeking leave shall first seek consent by presenting counsel for the adversary with 1) the proposed pleading, 2) a redlined (or track changes) version of the proposed pleading, and 3) a stipulation.  The recipient shall either consent or provide its objection(s) supported by a letter brief to the requester within 14 days.  The requester will then either draft a new proposal and restart the process or provide its response supported by a letter brief within 10 days.  This process should be repeated until there is either consent or an impasse.

b. Impasse.  If there is an impasse after a bona fide effort to resolve the dispute, the party seeking to amend or supplement shall request leave to file no later than 10/30/2015.   The request for leave shall include 1) the proposed pleading, 2) the redlined (or track changes) version of the proposed pleading, 3) the respective letter briefs regarding futility, and 4) a proposed form of order.  See L. Civ. R. 7.1(f).  If a party seeks to file a motion to amend or supplement after the specified date, the party must show good cause why the application could not have been done earlier.

12. **Qualified Immunity Motions**.  Motions brought on grounds of qualified immunity should be filed within 120 days of the date prescribed for filing motions to amend the pleadings.  Opposition briefs are due 14 days after that filing and reply briefs are due 7 days after the opposition brief.  At no time shall a motion based on qualified immunity be made later than the time for the filing of summary judgment motions.

13. **Fact Discovery Deadline**:  Fact discovery is to remain open through 3/1/2016.  Discovery should be produced on a rolling basis.  All fact witness depositions

must be completed by the close of fact discovery. No *discovery* is to be issued or engaged in beyond that date, except upon application and for good cause shown.

    a. Counsel shall do as much discovery as they can while the related criminal prosecution is pending.  When they cannot reasonably proceed farther until the related criminal prosecution is concluded, counsel shall jointly contact the Court requesting that this matter be administratively terminated pending conclusion of the related criminal prosecution.  See Fed. R. Civ. P. 83(b) and Local Civ.R. 83.3.

    b. Administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely[see *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *McDowell v. Del. State Police*, 88 F. 3d 188, 191 (3d Cir. 1996); see also *Williams-Guice v. Board of Educ.*, 45 F. 3d 161, 163 (7th Cir. 1995).

## II. EXPERT DEADLINES

14.    Expert discovery shall be conducted during same period as fact discovery, unless there is a liability expert and that expert needs fact discovery to be concluded to issue an expert report on liability.

15.    **Disclosures:**  The parties have a continuing obligation to supplement and amend their initial disclosures.  The names and subject of expected testimony of all affirmative expert witnesses shall be delivered no later than 30 days before the end of fact discovery.  The names and subject of expected testimony of all rebuttal expert witnesses shall be delivered no later than 10 days after the date due for the affirmative expert report(s), provided such report(s) have been served.

16.    **Affirmative Expert Reports:**  All affirmative expert reports shall be delivered by 3/30/2016**.**  Deposition of expert(s) to be completed within 30 days of receiving the report.

17.    A **settlement-status conference** to be held on **TBD** Click here to enter a date. **at xxxx** before Judge Steve Mannion in courtroom 2B.

    a. Counsel must meet and confer regarding proposed releases or settlement terms at least 7 days before the conference and bring mutually agreeable terms (without dollar amounts) to the conference.

    b. Confidential settlement position letters no longer than 5 pages should be faxed to Judge Mannion 8 days before the conference and not filed via ECF.  The letters should summarize relevant facts, respective legal positions, case status, and your client's "bottom line" settlement position.  "Bottom line" means the minimum plaintiff will settle for or the maximum defendant will settle for.

    **c.** Trial counsel **and** clients who have settlement authority must appear. Absent exceptional, unforeseen personal circumstances, the settlement conference will not be adjourned.  If either trial counsel or client with full settlement authority do not appear, the settlement conference may be canceled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of costs, fees, and expenses by those parties who appeared as directed.

18.    **Responding Expert Reports:** All responding expert reports shall be delivered by 5/16/2016.  Deposition of expert(s) to be completed within 30 days of receiving the report.

19.    **Form and Content of Expert Reports:** All expert reports most comport with the form and content requirements set forth in Fed. R. Civ. P. 26(a)(2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the expert's report.

20.    **Deposition of Experts:** No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege.  *See* Fed. R. Civ. P. 32(d)(3)(A).

21.    **Dispositive Motions: TBD.**

### III. MISCELLANEOUS

22.    **Electronic Case Filing:** The Court has implemented an electronic case filing system for all documents filed with the Clerk of the Court. Local Civ.R. 5.2(ECF Policies and Procedures).  Electronic case filing is mandatory for all cases except those by a *pro se* litigant. ***Pro se* litigants may register to receive notifications only**.

23.    **Facsimiles:** Judge Mannion will accept the following correspondence by facsimile up to five pages (plus the cover sheet): (a) joint discovery plans; (b) confidential settlement positions; (c) proposed orders ; (d) letters advising that settlement has been reached; and truly emergent correspondence.  Courtesy copies of motion papers and exhibits should be delivered to the Court by mail or other carrier.  Counsel should obtain permission from Chambers to fax any other documents.

24.    **Extensions and Adjournments:** All requests for adjournments of court dates or other deadlines, whether established in this Pretrial Scheduling Order or any subsequent orders of the Court, shall be submitted to the Court in writing establishing good cause for the request.  See L.Civ.R. 6.1.  Consent from opposing counsel should be sought, but consent alone does not establish good cause.  Absent unforeseen emergent circumstances, the Court may not entertain requests to extend deadlines that have passed as of the date of the request.

Requests for adjournments or leave to not appear for a scheduled event because of a settlement shall comply with L.Civ.R. 41.1, be reduced to writing and indicate whether the requestor has consent to adjourn or not appear at the scheduled event.

25.   **Contacting the Court:** Attorneys and/or parties may contact the court via any of the following methods:

|  |  |
|---|---|
| **Telephone:** | (973)-645-3827 |
| **Facsimile:** | (973)-645-4412 |
| **Mail:** | Hon. Steve Mannion, U.S.M.J. |
|  | 50 Walnut Street, Room 3053 |
|  | Newark, NJ 07101 |

26.   **Local Rules:** Attorneys and/or parties are hereby directed to the Local Federal Rules of Civil Procedures for any other procedural question not specifically addressed in this scheduling order.

27.   **Consent for Magistrate Judge**.  Pursuant to L.Civ.R. 16.1(b)(3),  the parties are advised that they may jointly consent to having a magistrate judge preside over the trial and/or dispositive motions in this case pursuant to L.Civ.R. 73.1(a).

**FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER OR ANY SUBSEQUENT SCHEDULING ORDERS ENTERED BY THIS COURT MAY RESULT IN SANCTIONS. See Fed.R.Civ.P. 16(f) and 37.**

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

6/23/2015 9:16:10 AM

Original: Clerk of the Court
cc: All parties
     File